**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAFAEL WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-01343-SPM |
| | ) | |
| LINDSEA HAWOTTE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Rafael Watson's Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2). For the reasons set forth below, the motion is granted, and Plaintiff will be assessed an initial partial filing fee of $4.82. On initial review of the Complaint, the case is stayed and administratively closed.

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial

partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *Id.* § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the St. Louis County Justice Center for the time period December 16, 2025 to June 16, 2026 as required by 28 U.S.C. § 1915(a)(2). After reviewing the information contained in the account statement, the Court will assess an initial partial filing fee of $4.82, which is 20 percent of Plaintiff's average monthly deposits.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 alleging Defendants violated his constitutional rights by arresting him and charging him with domestic violence. Named as Defendants are Lindsea Hawotte (Assistant Prosecuting Attorney); Ms. Page (Police Officer); Mr. Jenkins, IV (Police Officer); and Mr. Daub (Police Officer). He sues all Defendants in their individual and official capacities.

Plaintiff alleges that on September 24, 2024, he was involved in an altercation with Ms. Wesley, who claimed Plaintiff had assaulted and choked her during an argument. Defendant Officers Daub, Page, and Jenkins responded to the

call. Plaintiff states that the victim showed no signs of bruising, and her home security camera did not record the incident. According to Officer Daub, through the video footage, he "was able to see and hear a very heated argument," but Plaintiff "never laid his hands on [Ms. Wesley]." Daub stated "that the incident happened during the period where the video skipped." ECF No. 1 at 6.

Daub arrested Plaintiff for domestic violence. At the St. Louis County Justice Center, Plaintiff was questioned by Detective Edwards. Plaintiff explained that Ms. Wesley was the aggressor, and Edwards took photographs of Plaintiff's injuries to his head and knee. Plaintiff alleges Defendants had insufficient evidence to charge him with domestic assault. He alleges he was falsely imprisoned.

Plaintiff alleges he suffered personal injury and mental anguish. For relief, he seeks release from custody, the charges dropped, and actual and punitive damages totaling $3 million.

**Discussion**

In *Wallace v. Kato*, the Supreme Court observed that, where a plaintiff files a civil claim that is "related to rulings that will likely be made in a pending or anticipated criminal trial," "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." 549 U.S. 384, 393,-94 (2007). Otherwise, the Court

and the parties are left to "speculate about whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994)).

Plaintiff's § 1983 claim is related to the criminal domestic assault charges pending against him in state court. *See State v. Watson*, No. 24SL-CR06287-01 (22nd Jud. Cir. filed Oct. 23, 2024). The arrest Plaintiff claims violated his constitutional rights occurred during the investigation that led to the assault charges. His claims are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. As such, the principles of comity and judicial economy dictate that the case should be stayed until the underlying criminal matter against Plaintiff has been resolved. *See, e.g., Vonneedo v. Dennis*, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying a § 1983 case alleging false arrest and false imprisonment under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs is **GRANTED**. (ECF No. 2)

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $4.82 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include on it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges pending against Plaintiff in *State v. Watson* , No. 24SL-CR06287-01 (22nd Jud. Cir. 2024).

**IT IS FURTHER ORDERED** that Plaintiff must notify the Court in writing about the final disposition of the criminal charges pending against him in *State v. Watson*, No. 24SL-CR06287-01 (22nd Jud Cir. 2024).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against Plaintiff and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice as moot. (ECF No. 4)

Dated this 14th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE